1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14
15

| | |
|---|---|
| JOHN E. BETTYS, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> ) <br> BERNARD WARNER, et al., ) <br> ) <br> *Defendants*. ) <br> _____ ) | CASE NO.   CV14-5040-BJR-KLS <br><br> ORDER GRANTING DEFENDANTS' <br> MOTION TO DISMISS |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS

The Court, having reviewed Defendants' Motion to Dismiss [Docket No. 16], the Report and Recommendation [Docket No.19] of the Honorable Karen L. Strombom, United States Magistrate Judge, Plaintiff's Objections [Docket No. 21] and the balance of the record, does hereby find that:

(1)    The Court adopts the Report and Recommendation;

(2)    The Court reviews *de novo* "those portions of the [magistrate judge's] report or specific proposed findings or recommendations *to which objection is made*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citing 28

1

U.S.C. § 636(b)(1) (emphasis and insertion in original)). To survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

(3) Plaintiff makes the following objections:

a. That the Magistrate Judge improperly found that Plaintiff had alleged prejudice in only two pending cases when Plaintiff lists five additional Washington Court of Appeals cases, a Ninth Circuit case, and avers that he has three pending actions before the Washington Supreme Court. Pl.'s Obj. at 1. Plaintiff generally argues that "several" of these cases were prejudiced by Defendants' actions. *Id.* at 2.

b. That the loss of his files was not harmless because it prevented him from seeking certiorari with the Supreme Court in one of his cases before the Ninth Circuit, "where all the evidence was destroyed" by Defendants Teachout and

Diimell.  Pl.'s Obj. at 1.

    c. That the Magistrate Judge erred in finding that Defendant Walker did not illegally act as an attorney because Walker "enter[ed] into my court case to schedule hearings," and "did not allow an order to stop destruction of documentation and legal evidence."  Plaintiff avers that these actions prejudiced a case before the Ninth Circuit.  *Id.* at 2.

    d. That the Magistrate Judge mistakenly confined her review of Defendants' actions to five boxes of files that Washington Superior Court had ordered be shipped to Plaintiff from the county jail.  Plaintiff avers that there were another six boxes of "legal evidence and pleadings" that Plaintiff avers were "never given to the Plainitiff [sic] . . . ."  *Id.* at 2-3.

    e. Generalized grievances regarding the conditions of incarceration for Plaintiff and other prisoners.

(4) The Court finds that the Magistrate Judge correctly concluded in the Report and Recommendation that Plaintiff's claims should be dismissed.  Plaintiff fails to plead sufficient facts to state a claim for relief that is plausible on its face.  In particular, Plaintiff has not pled with sufficient clarity how Defendants' alleged actions have caused him injury.  While Plaintiff alleges that his legal efforts have been prejudiced because of the destruction of, or lack of access to, his legal files, he does not allege which cases, if any, have been prejudiced, and in what manner Defendants' alleged actions have caused him prejudice in said cases.[1]

---

[1] Because the Magistrate Judge correctly determined that Plaintiff failed to plead facts sufficient to establish injury from Defendants' alleged actions, the Court does not reach the muddled factual question of whether the legal files at the heart of Plaintiff's claim were, in fact, destroyed, or if they were shipped to another location at Plaintiff's

(5)  Accordingly, Defendants' Motion to Dismiss is GRANTED; and

(6)  The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Strombom.

**IT IS SO ORDERED.**

DATED this 31st day of July, 2014.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

request, or are available to Plaintiff.  Whether or not Plaintiff has access to all his files, he has failed to sufficiently plead injury from his alleged lack of access.